IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

CHRISTINE ZUFELT, AS PERSONAL
REPRESENTATIVE OF
BARBARA ZUFELT, DECEASED,

       Plaintiff(s),

vs.                                   No. CIV 09-1004 JB/ACT

ISUZU MOTORS AMERICA, L.C.C.;
ROBERT E. LUCKEL, AND SAM DELL
NISSAN CORP. D/B/A SAM DELL
DODGE NISSAN,

       Defendants.

## MEMORANDUM OPINION AND ORDER

**THIS MATTER** comes before the Court on the Plaintiff's Motion to Remand, filed November 6, 2009 (Doc. 4). The Court held a hearing on December 16, 2009. The primary issues are: (i) whether Plaintiff Christine Zufelt, as personal representative of Barbara Zufelt, deceased, fraudulently joined Defendant Sam Dell Nissan Corp. d/b/a Sam Dell Dodge Nissan ("Sam Dell Nissan") in this action; and (ii) whether Defendant Isuzu Motors America, LLC ("Isuzu LLC") has established complete diversity, permitting federal jurisdiction. Although the Court finds that the membership of Isuzu LLC does not disrupt complete diversity, because the Court finds that Isuzu LLC has not met its burden of demonstrating that C. Zufelt has fraudulently joined Sam Dell Nissan, the Court will grant Zufelt's motion and remand this case back to state court.

## FACTUAL AND PROCEDURAL BACKGROUND

C. Zufelt filed this products liability action on behalf of B. Zufelt on September 14, 2009, in the First Judicial District of the State of New Mexico. The action arises out of a roll-over vehicle

crash of a 2004 Isuzu Ascender, which occurred on Interstate 40 in Guadalupe County, New Mexico on July 28, 2008, and which resulted in fatal injuries to the passenger, B. Zufelt.  The Complaint asserts claims of strict liability and negligence against Isuzu LLC,  as manufacturer of the Ascender, claims of negligence for failure to inspect and failure to warn against Sam Dell Nissan, the dealer which sold the vehicle, and a claim of negligence against Defendant Robert E. Luckel, the owner and driver of the vehicle at the time of the roll-over crash.  See Plaintiff's Complaint for Personal Injury ¶¶ 12-42 at 4-12 (Doc.-1-2).

Isuzu LLC removed the case to federal court, asserting federal diversity jurisdiction.  See Notice of Removal of Action Under 28 U.S.C. § 1441(b) (Diversity), filed October 21, 2009 (Doc. 1)("Notice of Removal").  In its Notice of Removal, Isuzu LLC asserts that it believes C. Zufelt, a citizen of the state of New York, fraudulently joined Sam Dell Nissan, a New York corporation with its principal place of business in Syracuse, New York, solely to defeat diversity jurisdiction.  See Notice of Removal at 2-3.  Isuzu LLC did not seek consent from Sam Dell Nissan and Luckel before filing the Notice of Removal because, according to the state court docket and on Isuzu LLC's good faith belief, none of the other defendants in this action have yet been served.  See Notice of Removal at 4.

C. Zufelt moves to remand the case to New Mexico state court.  She contends that the Court should remand her case for two reasons: (i) there is no evidence of fraudulent joinder of Sam Dell Nissan; and (ii) Isuzu LLC has failed to demonstrate complete diversity.  See Motion at 2.  In her motion, C. Zufelt confirms that Isuzu LLC is the only defendant who has been served in this case, because C. Zufelt is in negotiations with Isuzu LLC and manufacturer General Motors over indemnification.  See Motion at 2.  C. Zufelt contends that she can establish a cause of action against Sam Dell Nissan because, as the dealer who sold the vehicle involved in the fatal crash, she can

establish that it sold a defective vehicle or establish that it was some independent negligence on its own part with regard to warnings regarding the lack of crashworthiness of the vehicle. <u>See</u> Motion at 3. C. Zufelt also contends that Isuzu LLC has failed to establish diversity because it did not identify and prove the citizenship of each of Isuzu LLC's members. <u>See</u> Motion at 4-5.

In its response, Isuzu LLC argues that C. Zufelt cannot establish a valid cause of action against Sam Dell Nissan and cannot recover against Sam Dell Nissan in New Mexico, because it is not subject to personal jurisdiction in New Mexico. Isuzu LLC therefore concludes that C. Zufelt fraudulently joined Sam Dell Nissan. <u>See</u> Defendant Isuzu Motors America, LLC's Response to Plaintiff's Motion to Remand at 4, filed November 20, 2009 (Doc. 5)("Response"). Isuzu LLC represents that Isuzu North America Corporation, which is incorporated and has its principal place of business in California, wholly owns Isuzu LLC. Thus, no members of Isuzu LLC are residents of New Mexico. <u>See</u> Response at 4. Isuzu LLC contends that, without considering Sam Dell Nissan, whom C. Zufelt has fraudulently joined, there is complete diversity in the case, and the Court should remand the case to state court.

In reply, C. Zufelt argues that, although Isuzu LLC states that Isuzu North America Corporation is the sole owner of Isuzu LLC, it did not address the citizenship of the members of the limited liability company and therefore Isuzu has failed to meet its burden of showing complete diversity. <u>See</u> Plaintiffs' [sic] Reply to Defendant's Response to Plaintiff's Motion to Remand at 2, filed December 4, 2009 (Doc. 7).

In the hearing on the motion, C. Zufelt's counsel, James B. Ragan, confirmed that Sam Dell Nissan has not been served, does not have counsel, has not entered an appearance in the case, nor has it consented to the removal. <u>See</u> Transcript of Hearing at 5:8-11 (taken December 16, 2009)

("Tr.")(Court, Ragan).[1]  In response to Isuzu LLC's argument that C. Zufelt fraudulently joined Sam Dell Nissan because of lack of personal jurisdiction, Mr. Ragan argued that the issue is separate from whether there is a cause of action.  See Tr. at 6:15-16 (Ragan).  He argued that personal jurisdiction is in the control of the dealership's defense and that it is conceivable that the dealership could waive personal jurisdiction for strategic reasons, for example, if the laws of New Mexico are more favorable to the dealership than the laws of New York.  See Tr. at 6:16-7:1 (Ragan).

Isuzu LLC's counsel, Jeffrey M. Croasdell, argued that "claim" is much more narrow than "cause of action" and that Zufelt must have a valid cause of action.  Tr. at 13:20-14:6 (Croasdell). Mr. Croasdell also expressed concerns that, if the Court remands and then Sam Dell Nissan files a motion to dismiss for lack of personal jurisdiction and wins, Isuzu LLC will not be able to remove the case again to federal court.  See Tr. at 15:10-17 (Croasdell).  Mr. Croasdell argues that there is enough on the record for the Court to determine that courts in New Mexico lack personal jurisdiction over Sam Dell Nissan and that, if there was a motion for summary judgment or a motion to dismiss pending for lack of personal jurisdiction, the Court would have to find that there is no personal jurisdiction over Sam Dell Nissan, and thus the Court should make the same determination when determining whether there is fraudulent joinder.  See Tr. at 24:8-13 (Croasdell). Mr. Croasdell also addressed the issue of the citizenship of members that C. Zufelt raised.  Mr. Croasdell made representations to the Court that Isuzu LLC is a wholly owned subsidiary of Isuzu North America and that Isuzu North America is the sole member in the limited liability company.  See Tr. at 25:15-27:8 (Court, Croasdell).

---

[1] The Court's citations to the transcript of the hearing refers to the court reporter's original, unedited version.  Any final transcript may contain slightly different page and/or line numbers.

## LAW REGARDING REMOVAL AND REMAND

If a civil action filed in state court satisfies the requirements for original federal jurisdiction, the defendant may invoke 28 U.S.C. § 1441(a) to remove the action to the federal district court "embracing the place where such action is pending."  28 U.S.C. § 1441(a); See Huffman v. Saul Holdings Ltd. P'ship., 194 F.3d 1072, 1076 (10th Cir. 1999)("When a plaintiff files in state court a civil action over which the federal district courts would have original jurisdiction based on diversity of citizenship, the defendant or defendants may remove the action to federal court….")(quoting Caterpillar Inc. v. Lewis, 519 U.S. at 68).  Under 28 U.S.C. § 1332(a), a federal district court possesses original subject-matter jurisdiction over a case when the parties are diverse in citizenship and the amount in controversy exceeds $75,000.00.  See Johnson v. Rodrigues, 226 F.3d 1103, 1107 (10th Cir. 2000); 28 U.S.C. § 1332(a).  Diversity between the parties must be complete.  See Caterpillar Inc. v. Lewis, 519 U.S. 61, 68 (1996);  Radil v. Sanborn W. Camps, Inc., 384 F.3d 1220, 1225 (10th Cir. 2004).

Subsection (b) of 28 U.S.C. § 1441 specifies that suits arising under federal law are removable without regard to the citizenship of the parties; all other suits are removable "only if none of the parties in interest properly joined and served as defendants is a citizen of the State in which such action is brought."  28 U.S.C. § 1441(b).  To remove a case based on diversity, the diverse defendant must demonstrate that all of the prerequisites of diversity jurisdiction contained in 28 U.S.C. § 1332 are satisfied.  On a related issue, Congress has, by statute, prohibited a district court from exercising jurisdiction over a suit in which any party has been improperly or collusively joined to manufacture federal diversity jurisdiction.  See 28 U.S.C. § 1359 ("A district court shall not have jurisdiction of a civil action in which any party, by assignment or otherwise, has been improperly or collusively made or joined to invoke the jurisdiction of such court.").

-5-

"It is well-established that statutes conferring jurisdiction upon the federal courts, and particularly removal statutes, are to be narrowly construed in light of our constitutional role as limited tribunals." Pritchett v. Office Depot, Inc., 404 F.3d 1232, 1235 (10th Cir. 2005)(citing Shamrock Oil & Gas Corp. v. Sheets, 313 U.S. 100, 108-09 (1941), and United States ex rel. King v. Hillcrest Health Ctr., 264 F.3d 1271, 1280 (10th Cir. 2001)). "All doubts are to be resolved against removal." Fajen v. Found. Reserve Ins. Co., 683 F.2d 331, 333 (10th Cir. 1982). "The burden of establishing subject-matter jurisdiction is on the party asserting jurisdiction." Montoya v. Chao, 296 F.3d 952, 955 (10th Cir. 2002).

Once a case has been removed to federal court, the plaintiff may attack the removal by filing a motion in federal district court to remand the case to state court. See Caterpillar Inc. v. Lewis, 519 U.S. at 69; Huffman v. Saul Holdings Ltd. P'ship., 194 F.3d at 1076 (citation omitted); 28 U.S.C. § 1447(c). Section 1447(c) mandates that "[a] motion to remand the case [from federal court to state court] on the basis of any defect other than lack of subject matter jurisdiction must be made within 30 days after the filing of the notice of removal." If the case is remanded, the defendants cannot remove the case to federal court again unless removability is premised upon a voluntary act by the plaintiff. See Huffman v. Saul Holdings Ltd. P'ship., 194 F.3d 1072, 1078 (10th Cir. 1999)(stating that "the circumstances permitting removal must normally come about as a result of a voluntary act on the part of the plaintiff."). As the United States Court of Appeals for the Tenth Circuit stated in DeBry v. Transamerica Corp., 601 F.2d 489 (10th Cir. 1979):

> The general effect of the [voluntary-involuntary] test is that a cause cannot be removed where the removability is a result of some development other than a voluntary act of plaintiff. The cause cannot be removed as a result of evidence from the defendant or the result of a court order rendered on the merits of the case.

Id. at 488.

1.     **Fraudulent Joinder.**

"[A] fraudulent joinder analysis [is] a jurisdictional inquiry." Albert v. Smith's Food & Drug Ctrs., Inc., 356 F.3d 1242, 1247 (10th Cir. 2004).  "A district court may disregard a nondiverse party named in the state court complaint and retain jurisdiction if joinder of the nondiverse party is a sham or fraudulent."  Baeza v. Tibbetts, Civ. No. 06-0407, 2006 U.S. Dist. LEXIS 95317, at *7 (D.N.M. July 7, 2006)(Vazquez, J.).  The Supreme Court of the United States has stated: "Merely to traverse the allegations upon which the liability of the resident defendant is rested or to apply the epithet 'fraudulent' to the joinder will not suffice: the showing must be such as compels the conclusion that the joinder is without right and made in bad faith."  Chesapeake & O.R. Co. v. Cockrell, 232 U.S. 146, 152 (1914).  The Tenth Circuit has explained that allegations of fraudulent joinder complicate the analysis whether removal is proper, because, "[w]hile a court normally evaluates the propriety of a removal by determining whether the allegations on the face of the complaint satisfy the jurisdictional requirements, fraudulent joinder claims are assertions that the pleadings are deceptive."  Nerad v. AstraZeneca Pharms., Inc., 203 Fed. Appx. 911, 913 (10th Cir. 2006) (unpublished opinion).[2]   In cases where fraudulent joinder is asserted, the Tenth Circuit instructs that the court should "pierce the pleadings, consider the entire record, and determine the basis of joinder by any means available."  Dodd v. Fawcett Publications, Inc., 329 F.2d 82, 85 (10th Cir. 1964)(citations omitted).

The party asserting fraudulent joinder bears the burden of proof.  See Montano v. Allstate Indemnity Co., 211 F.3d 1278, 2000 U.S. App. LEXIS 6852, at *1 (10th Cir. 2000)(Table)

---

[2] Tenth Circuit rule 32.1 states: "The citation of unpublished decisions is permitted to the full extent of the authority found in Fed. R. App. P. 32.1.  Unpublished decisions are not precedential, but may be cited for their persuasive value."

(unpublished opinion)("The case law places a heavy burden on the party asserting fraudulent joinder.").  "To justify removal based on diversity jurisdiction, a defendant must plead a claim of fraudulent joinder with particularity and prove the claim with certainty."  Couch v. Astec Indus., Inc., 71 F. Supp. 2d 1145, 1146-47 (D.N.M. 1999)(Baldock, J.)

The last published Tenth Circuit decision to state the burden of proof for demonstrating fraudulent joinder was issued over forty years ago in Smoot v. Chicago, Rock Island & Pac. R.R. Co., 378 F.2d 879 (10th Cir. 1967).   The Tenth Circuit requires that fraudulent joinder be "established with complete certainty upon undisputed evidence."  Smoot v. Chicago, Rock Island & Pac. R.R. Co., 378 F.2d at 882.  In Smoot v. Chicago, Rock Island & Pac. R.R. Co., the Tenth Circuit stated two bases for finding fraudulent joinder: (i) "[t]he joinder of a resident defendant against whom no cause of action is stated is patent sham;" or (ii) "though a cause of action be stated, the joinder is similarly fraudulent if in fact no cause of action exists."  Smoot v. Chicago, Rock Island & Pac. R.R. Co., 378 F.2d at 882 (quoting Dodd v. Fawcett Pubs., Inc., 329 F.2d 82, 85 (10th Cir. 1964)).  In Smoot v. Chicago, Rock Island & Pac. R.R. Co., the Tenth Circuit found fraudulent joinder because the non-liability of the joined party was "established with complete certainty upon undisputed evidence."  Id. at 882.  "This does not mean that the federal court will pre-try, as a matter of course, doubtful issues of fact to determine removability; the issue must be capable of summary determination and be proven with complete certainty."  Id.  In Smoot v. Chicago, Rock Island & Pac. R.R. Co., the plaintiff had died when his car collided with a freight train.  The plaintiff's estate sued the railroad company and joined a non-diverse alleged employee as a defendant.  It was undisputed in Smoot v. Chicago, Rock Island & Pac. R.R. Co., that the diversity-destroying party's employment with the railroad company had "terminated almost fifteen months before the collision and that he was in no way connected with the acts of negligence ascribed to him."  Id. at 881.

In recent unpublished decisions, the Tenth Circuit has adopted two different articulations of the burden of proof for fraudulent joinder, both from the United States Court of Appeals for the Fifth Circuit.  In <u>Montano v. Allstate Indemnity Co.</u>, the Tenth Circuit quoted favorably from <u>Hart v. Bayer Corp.</u>, 199 F.3d 239 (5th Cir. 2000), which stated:

> To prove their allegation of fraudulent joinder [the removing parties] must demonstrate that there is no possibility that [plaintiff] would be able to establish a cause of action against [the joined party], in state court.  In evaluating fraudulent joinder claims, we must initially resolve all disputed questions of fact and all ambiguities in the controlling law in favor of the non-removing party.  We are then to determine whether that party has any possibility of recovering against the party whose joinder is questioned.

<u>Montano v. Allstate Indemnity Co.</u>, 211 F.3d 1278, 2000 U.S. App. LEXIS 6852, at *4-5 (quoting <u>Hart v. Bayer Corp.</u>, 199 F.3d at 246)(quotation omitted; brackets in original).  The Tenth Circuit stated that the standard for proving fraudulent joinder "is more exacting than that for dismissing a claim under Fed. R. Civ. P. 12(b)(6); indeed, the latter entails the kind of merits determination that, absent fraudulent joinder, should be left to the state court where the action commenced."  <u>Montano v. Allstate Indemnity Co.</u>, 2000 U.S. App. LEXIS 6852, at *2.  The Tenth Circuit in <u>Montano v. Allstate Indemnity Co.</u> also quoted from <u>Batoff v. State Farm Ins. Co.</u>, 977 F.2d 848 (3d Cir. 1992), which stated: "A claim which can be dismissed only after an intricate analysis of state law is not so wholly insubstantial and frivolous that it may be disregarded for purposes of diversity jurisdiction."  <u>Batoff v. State Farm Ins. Co.</u>, 977 F.2d at 853.

In <u>Nerad v. AstraZeneca Pharms., Inc.</u>, the Tenth Circuit adopted a different articulation of the burden of proof.  The Tenth Circuit stated that, where fraudulent joinder is claimed, "the court must decide whether there is a reasonable basis to believe the plaintiff might succeed in at least one claim against the non-diverse defendant."  <u>Nerad v. AstraZeneca Pharms., Inc.</u>, 203 Fed. Appx. at 913 (citing <u>Badon v. RJR Nabisco, Inc.</u>, 224 F.3d 382, 393 (5th Cir. 2000)).  The Tenth Circuit

explained that "[a] 'reasonable basis' means just that: the claim need not be a sure-thing, but it must have a basis in the alleged facts and the applicable law."  Nerad v. AstraZeneca Pharms., Inc., 203 Fed. Appx. at 913.

The Fifth Circuit recognized the inconsistencies in the standard for fraudulent joinder and directly addressed the problem in Travis v. Irby, 326 F.3d 644 (5th Cir. 2003), stating:

> Neither our circuit nor other circuits have been clear in describing the fraudulent joinder standard. The test has been stated by this court in various terms, even within the same opinion. For example, the Griggs [v. State Farm Lloyds, 181 F.3d 694 (5th Cir. 1999)] opinion states, "To establish that a non-diverse defendant has been fraudulently joined to defeat diversity, the removing party must prove . . . that there is absolutely no possibility that the plaintiff will be able to establish a cause of action against the non-diverse defendant in state court."  181 F.3d at 699 [citations omitted]. The Griggs opinion later restates that test as follows - "Stated differently, we must determine whether there is any reasonable basis for predicting that [the plaintiff] might be able to establish [the non-diverse defendant's] liability on the pleaded claims in state court." 181 F.3d at 699 [citations omitted].  Similarly, in summing up federal law, Moore's Federal Practice states at one point: "To establish fraudulent joinder, a party must demonstrate … the absence of *any possibility* that the opposing party has stated a claim under state law." 16 Moore's Federal Practice § 107.14[2][c][iv][A] (emphasis added).  It then comments: "The ultimate question is whether there is arguably a *reasonable basis* for predicting that state law might impose liability on the facts involved."  Id. (emphasis added).  Although these tests appear dissimilar, "absolutely no possibility" vs. "reasonable basis," we must assume that they are meant to be equivalent because each is presented as a restatement of the other.

Travis v. Irby, 326 F.3d at 647.  The Fifth Circuit has settled upon the phrasing that:

> the test for fraudulent joinder is whether the defendant has demonstrated that there is no possibility of recovery by the plaintiff against an in-state defendant, which stated differently means that there is no reasonable basis for the district court to predict that the plaintiff might be able to recover against an in-state defendant.

Smallwood v. Ill. Cent. R.R. Co., 385 F.3d 568, 573 (5th Cir. 2004)("To reduce possible confusion, we adopt this phrasing of the required proof and reject all others, whether the others appear to describe the same standard or not.").

An order to remand by a district court based on a finding of fraudulent joinder is not

reviewable by the Tenth Circuit.  See Nerad v. AstraZeneca Pharms., Inc., 203 Fed. Appx. at 913 (holding that because the district court remanded based on its conclusion that it lacked subject-matter jurisdiction at the time of removal, the Tenth Circuit was precluded from reviewing the order pursuant to 28 U.S.C. § 1447(d)).

> **2.  Personal Jurisdiction and Fraudulent Joinder.**

The fraudulent-joinder inquiry on a motion to remand is a subject-matter jurisdiction inquiry. See Albert v. Smith's Food & Drug Ctrs., Inc., 356 F.3d at 1247.  To establish that a party was fraudulently joined, a defendant has the burden of demonstrating that "there is no possibility that the plaintiff would be able to establish a cause of action" against the party alleged to be fraudulently joined.  Montano v. Allstate Indem. Co., 211 F.3d 1278, 2000 U.S. App. LEXIS 6852, at *4-5.  The allocation of the burden of proof and the standard of proof for fraudulent joinder is in stark contrast to a challenge to personal jurisdiction.  If personal jurisdiction is challenged in a rule 12(b)(2) motion, the plaintiff has the burden of establishing a prima-facie case of personal jurisdiction to defeat the motion.  See OMI Holdings v. Royal Ins. Co. of Canada, 149 F.3d 1086, 1091 (10th Cir. 1998)(quoting Kuenzle v. HTM Sport-Und Freizeitgerate AG, 102 F.3d 453, 456 (10th Cir. 1996)). "The plaintiff may make this prima facie showing by demonstrating, via affidavit or other written materials, facts that if true would support jurisdiction over the defendant."  OMI Holdings v. Royal Ins. Co. of Canada, 149 F.3d at 1091.

Neither the Tenth Circuit nor this District have previously addressed lack of personal jurisdiction in a determination of fraudulent joinder.  Other courts, however, have faced challenges to personal jurisdiction intertwined with motions to remand.  In many cases, the courts are presented with both a motion to remand by the plaintiff and a motion to dismiss for lack of personal jurisdiction by the defendant.  The cases consistently hold that, when faced with both a motion for

lack of personal jurisdiction and a motion to remand, the district court has the discretion to decide which to take up first.  See, e.g., Canton Fitzgerald, L.P. v. Yagi Euro (Hong Kong) Ltd., 88 F.3d 152 (2d Cir. 1996); Cooper v. McDermott Int'l, Inc., 62 F.3d 395, 1995 U.S. App. LEXIS 21253 (5th Cir. July 6, 1995)(unpublished); Villar v. Crowley Maritime Corp., 990 F.2d 1489, 1494-95 (5th Cir. 1993).  In Canton Fitzgerald, L.P. v. Yagi Euro (Hong Kong) Ltd., the United States Court of Appeals for the Second Circuit held that the district court properly exercised its discretion in granting the defendants' motion to dismiss for lack of personal jurisdiction before considering the plaintiffs' motion to remand to state court for lack of subject-matter jurisdiction.  See Canton Fitzgerald, L.P. v. Yagi Euro (Hong Kong) Ltd., 88 F.3d at 157 (stating that "the District Court must be allowed some discretion regarding the order in which it is to consider any question which will dispose of the litigation in the federal courts.").  In Cooper v. McDermott Int'l, Inc., the plaintiff argued that the district court failed to consider his motion to remand before considering the 12(b)(2) motion, which was improper, as it "saddled [the plaintiff] with the burden of proving a prima facie case of personal jurisdiction, rather than requiring [the defendant] to prove no possibility of personal jurisdiction."  Cooper v. McDermott Int'l, Inc., 62 F.3d 395, 1995 U.S. App. LEXIS 21253, at *2. The Fifth Circuit found this argument "wrong factually and legally."  Id.  The Fifth Circuit explained: "Analyzing the contacts [the defendant] had with Texas, the [district] court found them insufficient and concluded that [the defendant] had been fraudulently joined.  Contrary to [the plaintiff's] assertion, there is no indication that the district court applied anything but the 'no possibility' standard appropriate for claims of fraudulent joinder."  Id.  The Fifth Circuit found that the district court was not required to decide the plaintiff's motion to remand before considering the motion to dismiss.  See id.  The Fifth Circuit affirmed the order granting the 12(b)(2) motion to dismiss, stating that "judicial economy favors affording district courts the latitude first to evaluate

the motion to dismiss because if the district court remands the proceeding, then the state court will probably have to decide the same motion to dismiss for lack of personal jurisdiction that the district court avoided." Id. (internal citation and quotation omitted).

In Seguros Comercial America, S.A. DE C.V. v. American President Lines, Ltd., 934 F. Supp. 243, 245 (S.D. Tex. 1996), the plaintiff brought suit in state court against two defendants, APL and TSM. APL removed the case to federal court, arguing that the plaintiff fraudulently joined TSM. See id. at 244. The plaintiff filed a motion to remand, arguing that TSM failed to join in APL's notice of removal and disputed that TSM was fraudulently joined. See id. APL filed a motion to dismiss for forum non conveniens and requested that the court consider its motion first. See id. The court found that, because TSM had not joined in the notice of removal, a forum non conveniens dismissal would be inappropriate. Id. at 244. In response to the plaintiff's motion to remand, APL argued that there was "no possibility" that the plaintiff could recover from TSM because Texas courts lacked personal jurisdiction over TSM. Id. at 245. The court held that APL could not establish that the plaintiff had fraudulently joined TSM by asserting lack of personal jurisdiction because "the defense of lack of personal jurisdiction, like defects concerning service of process, can be waived, and the right to waive *in personam* jurisdiction is personal to the defendant." Id.

In Ross Bros. Constr. Co. v. Sparkman, Civ. No. 3:06-0116, 2006 U.S. Dist. LEXIS 34302 (S.D.W. Va. May 25, 2006), the defendants, Sparkman individually and on behalf of Marathon Petroleum, LLC, removed, asserting that the plaintiffs had fraudulently joined Sparkman in his individual capacity. The plaintiffs moved to remand the case to state court. The defendants did not file a motion to dismiss asserting lack of personal jurisdiction; however, they argued that there was fraudulent joinder because West Virginia courts lacked personal jurisdiction over Sparkman. The

-13-

District Court for the Southern District of West Virginia addressed the defendants' personal jurisdiction argument and analyzed whether personal jurisdiction could be found, stating: "Defendants have failed to show that there is no possibility that West Virginia courts could properly exercise specific jurisdiction over a nonresident defendant like Sparkman." Ross Bros. Constr. Co. v. Sparkman, 2006 U.S. Dist. LEXIS 34302, at *11.  The court went on to state:

> It is possible that upon remand, the state court may dismiss Sparkman for lack of personal jurisdiction but when analyzing the question under the fraudulent joinder standard, this Court cannot conclude that there is no possibility that he is subject to jurisdiction.  Although the question may be close, when resolving all factual issues in Plaintiff's favor and resolving all doubt in favor of remand, Defendant Sparkman was not fraudulently joined based on lack of personal jurisdiction.

Ross Bros. Constr. Co. v. Sparkman, Civ. No. 3:06-0116, 2006 U.S. Dist. LEXIS 34302, at *12-13.

## ANALYSIS

In her motion for remand, C. Zufelt submits that the Court should remand this case for two reasons: (i) Isuzu LLC has failed to demonstrate complete diversity by providing the citizenship of its members; and (ii) there is no evidence that she fraudulently joined Sam Dell Nissan.  Isuzu LLC contends that C. Zufelt fraudulently joined Sam Dell Nissan because the Court lacks personal jurisdiction over Sam Dell Nissan in New Mexico.  Because the Court finds Isuzu LLC's representations that its sole member is its parent corporation, Isuzu North America, the Court will not find that Isuzu LLC has failed to demonstrate complete diversity.  The Court also concludes, however, that Isuzu LLC's assertion of a lack-of-personal-jurisdiction defense, which belongs to Sam Dell Nissan, is not sufficient to meet the burden of demonstrating fraudulent joinder.  The Court, therefore, will remand the case to state court.

## I.    THE MEMBERSHIP OF ISUZU LLC DOES NOT DESTROY COMPLETE DIVERSITY BECAUSE THE SOLE MEMBER IS DIVERSE.

A limited liability company is a citizen of every state of citizenship of any of its members.

See Carden v. Arkoma Assocs., 494 U.S. 185, 195 (1990).  C. Zufelt asserts that Isuzu LLC has not

met its burden of identifying and proving the citizenship of each of Isuzu LLC's members and thus

have not shown complete diversity.  See Motion at 4-5.  Because Isuzu LLC has not shown complete

diversity, C. Zufelt contends the Court should remand the case.

Isuzu LLC filed a corporate disclosure statement on November 3, 2009 stating that Isuzu

LLC is wholly owned by Isuzu North America Corporation.  See Corporate Disclosure Statement

of Defendant Isuzu Motors America, LLC, filed November 3, 2009 (Doc. 3).  In its response to the

motion to dismiss, Isuzu LLC stated that Isuzu North America is a California corporation with its

principal place of business in California.  See Response at 4.  Isuzu LLC further stated that it does

not have any members that are residents of New Mexico.  See id.  Isuzu LLC did not provide an

affidavit with its response.[3]  C. Zufelt finds two problems with Isuzu LLC's representations.  First,

C. Zufelt contends that Isuzu LLC does not state that Isuzu North America is the only member of

Isuzu LLC, but only that Isuzu North America owns Isuzu LLC.  Second, C. Zufelt points out that

Isuzu LLC's response stated only that Isuzu LLC's owner, Isuzu North America, is incorporated and

has its principal place of business in California, and that because California law permits members

that are not owners, Isuzu LLC has not adequately identified who are the members of the limited

liability company.  See Reply at 2.  C. Zufelt maintains that these flaws in the response demonstrate

that Isuzu LLC has not met its burden of proving diversity jurisdiction, and that the Court should

resolve these open questions against Isuzu LLC.

---

[3] At the hearing, in response to the Court's inquiry as to what information is on the record
showing that Isuzu North America is a California corporation and the sole member of Isuzu LLC,
Mr. Croasdell responded it has only provided the statements in its response.  See Tr. at 27:14-28:3
(Croasdell)(Court)("MR. CROASDELL: We did not provide an affidavit to that effect and we could
if the Court would deem it necessary . . . COURT: But you can make the further representation that
it's the only member or principal of Isuzu Motors America LLC? MR. CROASDELL: Yes.").

At the hearing, Mr. Croasdell, on behalf of Isuzu LLC, made representations to the Court that the sole member of Isuzu LLC is the California-incorporated entity Izusu North America, which is also the sole owner of the subsidiary Isuzu LLC.  Mr. Ragan, on behalf of C. Zufelt, indicated that there is no membership information on Isuzu LLC's website indicating membership, nor is membership disclosed in Isuzu LLC's corporate documents.  See Tr. at 3:12-4:3 (Ragan, Court). The California Secretary of State's website, which permits the public to search the business records of California limited liability companies, also does not provide information about Isuzu LLC's membership.[4]  Accordingly, the information about Isuzu LLC is most likely to come from Isuzu LLC.  While the Court would have preferred Isuzu LLC to have provided an affidavit stating that Isuzu LLC has only one member and that one member is Izusu North America, Isuzu LLC has made that representation through its counsel.  The Court relies on the representations of counsel on all sorts of matters, including in serious matters such as whether to release pretrial defendants charged with violent and drug trafficking crimes.  There does not appear to be a sound reason not to take counsel's representation there, particularly where it is very likely a corporation that wholly owns a limited liability company is also the sole member.  Because Isuzu LLC has apparently made this representation in good faith and because C. Zufelt has not presented any evidence to contradict Isuzu LLC's representation of its membership, the Court finds that the membership, with citizenship solely in California, is in complete diversity with C. Zufelt, and thus the Court will not remand the case because of the citizenship of the limited liability company.[5]

_____

[4]   See California Secretary of State Information Requests, available at http://www.sos.ca.gov/business/be/information-requests.htm.

[5] If facts are uncovered down the road that contradict the representations made by Mr. Croasdell on behalf of Isuzu LLC, C. Zufelt can renew her request that the Court remand on this basis, because subject-matter jurisdiction can be raised at any point in the same civil action,

## II.    ISUZU LLC HAS NOT DEMONSTRATED THAT C. ZUFELT FRAUDULENTLY JOINED SAM DELL NISSAN TO THIS LAWSUIT.

"To justify removal based on diversity jurisdiction, a defendant must plead a claim of fraudulent joinder with particularity and prove the claim with certainty." Couch v. Astec Inds., Inc., 71 F. Supp. 2d at 1146-47.  Resolving whether C. Zufelt has stated any viable claim against Sam Dell Nissan turns primarily upon the standard of review employed.  While Montano v. Allstate Indemnity Co. and Nerad v. AstraZeneca Pharms., Inc. are unpublished Tenth Circuit cases, the Court concludes that, read together and informed by the Fifth Circuit's opinion in  Smallwood v. Ill. Cent. R.R. Co., they represent the proper standard that the Court should apply when a removing defendant argues that the plaintiff has fraudulently joined a non-diverse party -- that "remand is required if any one of the claims against the non-diverse defendant . . . is possibly viable." Monsanto v. Allstate Indemnity Co., 2000 U.S. App. LEXIS 6852, at *6.  See Nerad v. AstraZeneca Pharms., Inc., 203 Fed. Appx. at 913 ("As we read the order, the [district] court determined that success was reasonably possible at the time of removal because, although the plaintiff might be required to amend his complaint, that amendment would be allowed as a matter of course."). Monsanto v. Allstate Indemnity Co. and Nerad v. AstraZeneca Pharms., Inc. are in accord with Smoot v. Chicago, Rock Island & Pac. R.R. Co., which although over forty-years old, is the last significant published Tenth Circuit decision on fraudulent joinder.  Smoot v. Chicago, Rock Island & Pac. R.R. Co. requires that fraudulent joinder be "established with complete certainty upon undisputed evidence." 378 F.2d at 882.

Moreover, this District has consistently adopted the "possibility" standard when assessing fraudulent joinder claims.  See Allen v. Allstate Ins. Co., No. Civ. 08-0733, 2008 U.S. Dist. LEXIS

including on appeal.  See Mires v. United States, 466 F.3d 1208, 1211 (10th Cir. 2006).

108948, at *14 (D.N.M. Oct. 31, 2008)(Browning, J.)(holding that the claims asserted against the non-diverse defendant were "possibly viable under New Mexico law, and . . . sufficient to preclude federal jurisdiction"); Baeza v. Tibbetts, 2006 U.S. Dist. LEXIS 95317, at *11 (stating that "[r]emand is required if any one of the claims against [the defendant] is possibly viable"); Provencio v. Mendez, No. Civ. 05-623, 2005 U.S. Dist. LEXIS 39012, at *25 (D.N.M. Sept. 29, 2005)(Browning, J.)(stating that "there must be no possibility the [p]laintiffs have a claim against [the non-diverse defendant]."); Couch v. Astec Indus., Inc., 71 F. Supp. 2d at 1147 (stating that, to defeat removal jurisdiction, "[t]he plaintiff need only demonstrate the possibility of the right to relief.").  This Court, in Couch v. Astec Inds., Inc., noted with approval the language of the United States Court of Appeals for the Eleventh Circuit, which states that "if there is *even a possibility* that a state court would find that the complaint states a cause of action against any one of the resident defendants, the federal court must find that the joinder was proper and remand the case to the state court." Couch v. Astec Indus., Inc., 71 F. Supp. 2d at 1147 (quoting Triggs v. John Crump Toyota, Inc., 154 F.3d 1284, 1287 (11th Cir. 1998))(emphasis in original).

"If a cause of action is stated against a non-diverse Defendant, the case should be remanded to state court as there is no fraudulent joinder over said Defendant and diversity is lacking." Baeza v. Tibbetts, 2006 U.S. Dist. LEXIS 95317, at *10 (quoting Fine v. Braniff Airways, Inc., 302 F. Supp. at 497).  Because the Court concludes that C. Zufelt has asserted possibly viable claims under New Mexico law and because there is a possibility that Sam Dell Nissan may exercise its right to waive a personal jurisdiction objection, the Court finds that Isuzu has not met its burden of showing fraudulent joinder.

A.     **C. ZUFELT HAS ASSERTED POSSIBLY VIABLE CLAIMS UNDER NEW MEXICO STATE LAW AGAINST SAM DELL NISSAN.**

C. Zufelt contends that, because Sam Dell Nissan is the dealer who sold the allegedly defective vehicle in this case, she can establish a cause of action against Sam Dell Nissan.  She asserts that she has a valid claim either by establishing liability under strict liability because Sam Dell Nissan sold the defective vehicle or by establishing that Sam Dell Nissan has some independent negligence with the warnings about the lack of crashworthiness of the vehicle.  See Motion at 3. Because New Mexico law recognizes a cause of action for a seller's liability arising from its having sold a defective product, as well as liability arising out of ordinary negligence, the Court finds that C. Zufelt has asserted possibly viable claims against Sam Dell Nissan.

New Mexico has adopted the principle of strict products liability stated in the Restatement (Second) of Torts § 402A (1965).  See Stang v. Hertz Corp., 83 N.M. 730, 732, 497 P.2d 732, 734 (1972).  Under this theory, all parties in the chain of distribution of a defective product are strictly liable.  See Parker v. St. Vincent Hosp., 122 N.M. 39, 40, 919 P.2d 1104, 1105 (Ct. App. 1996)("Ordinarily, any entity engaged in the business of selling or otherwise distributing products is strictly liable for distributing a defective product.").  "Imposition of strict liability hinges on whether the party in question has any participatory connection, for personal profit or other benefit, with the injury-causing product and with the enterprise that created consumer demand for and reliance upon the product."  Baeza v. Tibbetts, 2006 U.S. Dist. LEXIS 95317, at *13 (quoting Kasel v. Remington Arms, Inc., 24 Cal. App.3d 711, 725, 101 Cal. Rptr. 314 (1972).  See Zamora v. Mobil Corp., 104 Wash.2d 199, 207, 704 P.2d 584, 589 (Wash. 1985)(stating that "the degree of a seller's participation in the marketing process is less important to our decision than the public protection consideration where, as here,  a seller has had some identifiable role in placing a defective product

on the market.").  In <u>St. Martin v. Wyeth, Inc.</u>, Civ. No. 03-0637, 2003 U.S. Dist. LEXIS 26211, *12

(D.N.M. Aug. 14, 2003)(Parker, J.), the Honorable James A. Parker, Chief United States District

Judge, applying New Mexico law, found that the plaintiffs potentially stated viable claims against

a sales representative for purposes of fraudulent joinder when the sales representative sold,

promoted, marketed, or distributed an allegedly defective drug in New Mexico even if the sales

representative did not directly market the drug to plaintiffs' health care providers.

New Mexico courts have also recognized a degree of "overlap between claims for products

liability and claims for ordinary negligence."  <u>Parker v. St. Vincent Hosp.</u>, 122 N.M. 39, 46, 919

P.2d 1104, 1111 (Ct. App. 1996).  Viewing all disputed questions of fact and all ambiguities in the

controlling law in favor of C. Zufelt, as the non-removing party, <u>see</u> <u>Hart v. Bayer Corp.</u>, 199 F.3d

at 246, the Court finds that C. Zufelt  has potentially viable claims of strict liability and negligence

against Sam Dell Nissan for its role in selling an allegedly defective product which caused injury

to the user.  Thus, there has been no fraudulent joinder with regard to the possibility that C. Zufelt

has claims against Sam Dell Nissan.

**B.     ISUZU LLC CANNOT RAISE LACK OF PERSONAL JURISDICTION TO MEET ITS BURDEN TO SHOW THAT C. ZUFELT FRAUDULENTLY JOINED SAM DELL NISSAN.**

Isuzu LLC bears the heavy burden of proof to show fraudulent joinder.  <u>See</u> <u>Montano v.</u>

<u>Allstate Indemnity Co.</u>, 211 F.3d 1278, 2000 U.S. App. LEXIS 6852, at *1.  Isuzu LLC must

demonstrate that there is no possibility that C. Zufelt would be able to establish a cause of action

against Sam Dell Nissan in state court.  Isuzu LLC argues that it has met this burden by asserting

that C. Zufelt fraudulently joined Sam Dell Nissan because Zufelt cannot establish a valid cause of

action against Sam Dell Nissan if it is not subject to personal jurisdiction in New Mexico.  The

Court finds that, given the circumstances of this case, this argument is not convincing.

The situation before the Court is much like the situation that the United States District Court for the Southern District of Texas faced in <u>Seguros Comercial America, S.A. DE C.V. v. American President Lines, Ltd.</u>.  In that case, the defendant asserting fraudulent joinder based on lack of personal jurisdiction was not the defendant allegedly fraudulently joined.  There, the allegedly fraudulently joined defendant had not even consented to removal to federal court and did not raise the personal-jurisdiction issue itself.  The court held that, because a defendant can waive the defense of lack of personal jurisdiction, and the right to waive *in personam* jurisdiction is personal to each defendant, the defendant that had removed had no right to assert a defense that it did not itself possess.  See <u>Seguros Comercial Am., S.A. DE C.V. v. Am. President Lines, Ltd.</u>, 934 F. Supp. at 245.

Similar to the circumstances in <u>Seguros Comercial America, S.A. DE C.V. v. American President Lines, Ltd.</u>, Sam Dell Nissan has not raised the fraudulent-joinder argument based on lack of personal jurisdiction, nor has Sam Dell Nissan filed a motion to dismiss based on rule 12(b)(2). Indeed, Sam Dell Nissan has not even been served yet, nor does it have counsel that has appeared before the Court.  The Court finds that it is inappropriate to permit Isuzu LLC to assert a defense that is available only to Sam Dell Nissan to meet its burden of showing there is no possibility  that C. Zufelt will be able to establish a cause of action against Sam Dell Nissan in state court.

Moreover, the Court agrees with C. Zufelt's argument that Sam Dell Nissan's desire to waive the defense of lack of personal jurisdiction may be a strong possibility.  Although a defect in subject-matter jurisdiction can never be waived and may be raised at any time, see <u>Franklin Sav. Corp. v. United States</u>, 180 F.3d 1124, 1128 (10th Cir. 1999), a party may  waive the defense of lack of personal jurisdiction, see <u>Insurance Corp. of Ireland, Ltd. v. Compagnie des Bauxites de Guinee</u>, 456 U.S. 694, 703 (1982)("Because the requirement of personal jurisdiction represents first of all

an individual right, it can, like other such rights, be waived."); FDIC v. Oaklawn Apartments, 959 F.2d 170, 174-75 (10th Cir. 1992). There are many reasons a party might waive certain defenses, including the possibility that Sam Dell Nissan may find that the laws of New Mexico are more favorable to its claims than the laws elsewhere, it may face difficulties agreeing with the other defendants on another jurisdiction, or it may perceive some other strategic advantage to availing itself of New Mexico's state court. Indemnification agreements may make it irrelevant to Sam Dell Nissan where it is sued.[6] In sum, there are possible, valid reasons why Sam Dell Nissan may want to waive personal jurisdiction, and thus, C. Zufelt has possibly viable claims against Sam Dell Nissan in New Mexico state court.[7]

There are good institutional reasons why the Court should not decide personal jurisdiction issues when deciding whether there has been fraudulent joinder, especially in the circumstances of this case, where there is no motion to dismiss. The personal-jurisdiction analysis is fact intensive. See OMI Holdings v. Royal Ins. Co. of Canada, 149 F.3d 1086, 1091 (10th Cir. 1998). Typically, when there is a motion to dismiss for lack of personal jurisdiction, there are affidavits and other evidence. Here there is no evidence from Sam Dell Nissan or anyone else. While the Court could assume that Same Dell Nissan has no significant contacts, it would be that -- an assumption. In reality, there is no evidence about Sam Dell Nissan's contacts, or lack thereof, in the record. It may be as possible that Sam Dell Nissan has extensive dealer-to-dealer arrangements with organizations

---

[6] The parties at the hearing, and in C. Zufelt's motion, indicated that there is a possibility of indemnification from Isuzu LLC to Sam Dell Nissan. See Tr. at 5:22-6:1 (Ragan); id. at 16:10-16:16 (Croasdell).

[7] While the Court concludes that Isuzu LLC cannot raise lack of personal jurisdiction in the circumstances of this case, where the allegedly fraudulently joined defendant has not been served and has not filed a motion to dismiss for lack of personal jurisdiction, the Court offers no opinion whether lack of personal jurisdiction could otherwise be raised as a theory of fraudulent joinder.

in New Mexico as no contacts.  On this record, which is largely non-existent, it is difficult for the Court to say that Isuzu LLC has met its burden of proof.

Isuzu LLC expresses concern that, if the Court remands to state court, Sam Dell Nissan is served, acquires counsel, moves to dismiss for lack of personal jurisdiction and prevails, the remaining diverse Defendants will be unable to remove to this Court.  While this concern may have validity,[8] that reason alone is not enough for Isuzu LLC to meet its heavy burden of demonstrating that C. Zufelt fraudulently joined Sam Dell Nissan.  It is too speculative for the Court to lend significant weight to the concern and to allow it to overcome the possibility that exists that C. Zufelt has valid claims, especially given that the fraudulent joinder inquiry requires the Court to view all disputed questions of fact and all ambiguities in the controlling law in favor of C. Zufelt, as the non-removing party.

In conclusion, the Court finds that the joinder of Sam Dell Nissan was not fraudulent and that C. Zufelt's claims against Sam Dell Nissan are possibly viable under New Mexico law.  The Court, therefore, will remand the case to state court.

**IT IS ORDERED** that Plaintiff's Motion to Remand is granted.

_____
UNITED STATES DISTRICT JUDGE

---

[8] The Court offers no opinion on the validity of this concern.

*Counsel:*

Gilbert Arrazolo
Arrazolo Law, P.C.
Albuquerque, New Mexico

-- and –

James B. Ragan
Law Offices of James B. Ragan
Corpus Christi, Texas

     *Attorneys for the Plaintiff*

Patrick Shay
Jeffrey M. Croasdell
Rodey, Dickason, Sloan, Akin & Robb, P.A.
Albuquerque, New Mexico

     *Attorneys for Defendant Isuzu Motors America, LLC*